27040. CARSWELL *v.* NEWTON.

DECIDED NOVEMBER 25, 1938.

834

*George G. McCoy, Seward M. Smith,* for plaintiff.
*Oliver & Oliver, W. G. Warnell,* for defendant.

STEPHENS, P. J. 1. The Code, § 13-1903, provides: "Whenever a stockholder in any bank is individually liable under the charter, and shall transfer his stock, and have such transfer entered upon the books of the bank or give to the bank written notice thereof, he shall be exempt from such liability by such transfer, unless such bank shall fail within six months from the date of the entry of such transfer or from the delivery of such notice to the bank." This section, properly construed, provides that if the stockholder, after making a transfer of his stock in the bank, gives to the bank written notice of the transfer, he shall be exempt from liability, etc. Where an owner of bank stock goes to the bank which issued the stock, and in the presence of the cashier of the bank, who is the officer of the bank authorized to make transfers of stock upon the books of the bank upon a sale of stock by a stockholder, sells the stock and transfers it to the purchaser by executing and signing a written transfer in which the name of the transferee is left blank, which contains a recital that the owner "authorizes ———— [blank space] to make the necessary transfer on the books of the corporation," and delivers this written transfer to the cashier of the bank, and orally directs the cashier to make the proper transfer of the stock on the books of the bank, and the cashier knows that the stock is sold, to whom the stock is sold, and in his official capacity as cashier of the bank accepts notice of the transfer of the stock, the transaction amounts to written notice to the bank, and notice to the cashier to enter the transfer of the stock upon the books of the bank. The stockholder, having complied with the provisions of the statute by giving written notice to the bank of the transfer of his stock, notwithstanding the bank had failed to enter such transfer upon the books of the bank, and at the time when the bank went into liquidation and was taken over by the superintendent of banks for liquidation, the stock stood in his name upon the books of the bank, was relieved from liability as a stockholder for an assessment made by the superintendent of banks upon him as a stockholder under the authority of the banking act, the bank not having failed within six months from the date of the delivery of the notice to the bank of the transfer of the stock.

2. On the trial of an issue formed by illegalities interposed by

the alleged stockholder to the levy of executions issued against him by the superintendent of banks for assessments upon him as a stockholder made under the authority of the banking act, and transferred to the plaintiff, the trial court did not, under the agreed statement of facts, err in passing upon both questions of law and fact, in sustaining the affidavits of illegality, and declaring the executions invalid, and in thereafter overruling the plaintiff's motion for a new trial.

*Judgment affirmed. Sutton and Felton, JJ., concur.*